IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Force Therapeutics, LLC, | : | |
| Plaintiff, | : | CIVIL ACTION No. 17 4922 |
| v. | : | |
| University of Massachusetts Medical School, | : | **DEMAND FOR JURY TRIAL** |
| Defendant. | : | |

## COMPLAINT

Plaintiff, Force Therapeutics, LLC, brings this complaint for trademark infringement and unfair competition.

## THE PARTIES

1. Plaintiff, Force Therapeutics, LLC, is a Delaware limited liability company with a place at business at 29 East 19th Street, 7th Floor, New York, NY 10003 ("Force").

2. On information and belief, Defendant University of Massachusetts Medical School is an institution organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 55 Lake Avenue North, Worcester, MA 01655 ("UMMS" or "Defendant").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Force's claims pursuant to 15 U.S.C. § 1051 et seq. and 28 U.S.C. §§ 1331, 1332, and 1338. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

{00034644 1 }

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (c)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. For example, Force has partnered with Rothman Institute in Philadelphia to implement its FORCE platform for several years. On information and belief, both Drexel University College of Medicine and Arcadia University serve on defendant's FORCE-TJR Team National Stakeholder Committee (*see* Defendant's 2015 Annual report, page 5, attached hereto as **Exhibit A**), and defendant collects data from patients and health care providers in this judicial district (see map from defendant's website, page 5 of **Exhibit B**).

5. Defendant transacts business in the Commonwealth of Pennsylvania.

6. Defendant promotes its services (including services the use the disputed trademark) in Pennsylvania, including in this judicial district.

7. Defendant realizes pecuniary gain and other benefits by rendering services using a trademark that infringes Force's proprietary rights.

## FORCE'S TRADEMARK

8. Force began operations in 2010 and is a pioneer in the field of orthopedic care management plans, focusing on patient rehabilitation from injury and surgery. Force's "FORCE"-branded software application facilitates joint replacement patients' compliance with post-surgical recovery, collects functional outcomes, and enables streamlined communication among the care team. Using the "FORCE" mobile application, patients and their medical and therapeutic service providers can track their therapy regimen and progress.

{00034644 1}

9. Force's platform and company are promoted and referred to among health care providers as "FORCE". A screenshot the Apple store showing the "FORCE" mark as used in connection with the mobile application is attached as **Exhibit C**.

10. Force is the owner of U.S. Registration No. 4,413,606 for the mark "FORCE THERAPEUTICS" for "software as a service (saas) services featuring online software and mobile application software for use in the management and treatment of musculo-skeletal injuries by providing physicians, physical therapists, chiropractors and athletic coaches cross-platform access to an application that gives computer and mobile device users the ability to upload and share multimedia files containing physical therapy videos and to upload, share, collect, integrate, organize and analyze patient and treatment data". This registration issued on October 8, 2013, and remains in full force and effect. A copy of Force's registration is attached as **Exhibit D**.

11. Force filed the application that resulted in Registration No. 4,413,606 on December 14, 2012.

12. Force has used its "FORCE THERAPEUTICS" trademark for software as a service services since at least January 2010. *See, e.g.,* a copy of the specimen of use submitted to the United States Patent and Trademark Office ("PTO") in support of its application on December 14, 2012, attached as **Exhibit E**.

13. Force is also the owner of Application Serial No. 87/630,829 for "FORCE" filed October 2, 2017 in the United States Patent and Trademark Office for use in connection with "software as a service (saas) services featuring online software and mobile application software for use in the management and treatment of medical conditions by providing physicians, physical

{00034644 1 }

therapists, and other medical service providers and personnel cross-platform access to an application that gives computer and mobile device users the ability to upload and share multimedia files containing videos and to upload, share, collect, integrate, organize and analyze patient and treatment data", which application remains pending.

14. Force has used the "FORCE" trademark for its SAAS technology platform since at least as early as January 31, 2011. *See, e.g.,* a copy of the specimen of use submitted to the United States Patent and Trademark Office ("PTO") in support of its application on October 2, 2017, attached as **Exhibit F**.

15. Force has expended significant resources promoting and marketing its products under the "FORCE" and "FORCE THERAPEUTICS" marks. As a result of Force's extensive use of "FORCE" and "FORCE THERAPEUTICS" to distinguish Force's technology platform, these marks have become widely known.

16. Force's "FORCE program", customized for orthopedic surgeries, has been lauded for its novel approach and recognized in the media. For example, since 2014 it has partnered with Rothman Institute ("Rothman") in Philadelphia, and over 15,000 Rothman patients have used the "FORCE" platform. *See* March 10, 2017 press release, attached hereto as **Exhibit G**, and a March 8, 2017 article featured in Becker's *SpineReview* is attached as **Exhibit H**. As a result of such efforts, the "FORCE" and "FORCE THERAPEUTICS" trade names and brands have achieved substantial saturation of the orthopedic medical field. Plaintiff's trade names and brands "FORCE" and "FORCE THERAPEUTICS" are renowned in the orthopedics and physical therapy fields.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT

17. Force repeats and incorporates the averments of the preceding paragraphs of the Complaint as though the same were fully set forth herein.

18. This Count of the Complaint is for infringement of a registered trademark and arises under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

19. In 2014, long after Force's adoption and use of its "FORCE" and" FORCE THERAPEUTICS" marks, Force learned that Defendant had commenced use of the designation "FORCE-TJR" ("TJR" being an acronym for "Total Joint Replacement") for use in connection with patient data collection services in the orthopedics field and promptly notified Defendant of the trademark conflict. A copy of Force's November 20, 2014 letter addressed to Dr. David C. Ayers is attached as **Exhibit I**. On March 20, 2015, Defendant responded to Force's counsel indicating that it would discontinue its use of "FORCE-TJR" and replace it with "QIFORCE-TJR". A copy of this letter from Richard Stevens, Esq. is attached as **Exhibit J**. Following further correspondence and conversations between the parties, in August 2015 UMMS confirmed that it would consider changing the name of its program in deference to Force's rights.

20. Despite this representation, and after considerable expansion of Force's business in the interim, on February 24, 2017, long after Force's first use of the "FORCE" and "FORCE THERAPEUTICS" marks, and following favorable renown and publicity for Force's services in the orthopedic field, defendant registered the infringing domain name Forceortho.org, notwithstanding the fact that defendant was aware of Force's longstanding use of and prior rights in "FORCE" and "FORCE THERAPEUTICS" in the orthopedic field.

{00034644 1 }

21. Defendant is using the domain name "FORCEORTHO.org" and the mark "FORCEORTHO" in connection with a data collection and analysis platform related to orthopedic patient outcomes, a use nearly identical to Force's use of "FORCE" and "FORCE THERAPEUTICS". A copy of the landing page associated with Defendant's use is attached as **Exhibit K**.

22. Defendant is using the term "FORCE" as a brand for various services related to its mission of data collection and has adopted the marks "FORCE", "FORCE ORTHO", "FORCE QI", "FORCE ORTHO RESEARCH", "FORCE RESEARCH" and "FORCE-TJR" to identify different functions of its services. *See* **Exhibit B**, pages 1-11, 15-16, 17-21, 25, 30, 35, 43.

23. Clients utilizing Defendant's services refer to them by the shorthand "FORCE". *See* **Exhibit B** page 47.

24. Defendant's manner of use of the "FORCEORTHO" mark emphasizes the term "FORCE", which is given prominence and displayed in a different color than the component "ORTHO".

25. The inclusion of the "ORTHO" component to Force's "FORCE" mark in "FORCEORTHO" and "FORCEORTHO.org" domain name, which component is merely descriptive of the services rendered by both Force and UMMS, does not distinguish Defendant's mark from those of Force. Indeed, given Force's reputation in the orthopedic field, the addition of this term exacerbates the likelihood of confusion.

26. As a direct result of UMMS's use of the mark "FORCEORTHO" and domain name "FORCEORTHO.org" in connection with services directly related to and overlapping with

{00034644 1 }

those of Force, numerous incidents of actual confusion have occurred within the medical community over the short period of time of simultaneous use of "FORCE", "FORCEORTHO" and "FORCEORTHO.org". Copies of misdirected communications reflecting the correspondent's mistaken belief that they are corresponding with Defendant, are attached as **Exhibit L**.

27. The use by Defendants of "FORCEORTHO" and "FORCEORTHO.org" in connection with patient data collection services in the orthopedics field is likely to cause confusion, mistake, or deception of the public as to the source or sponsorship of the services, or as to an affiliation between the parties. The relevant public is likely to confuse Defendants' services offered under the "FORCEORTHO" and "FORCEORTHO.org" names with Force's services offered under the "FORCE" and "FORCE THERAPEUTICS" marks, thereby resulting in damage and injury to Force and its business.

28. Force has never authorized UMMS to use "FORCEORTHO", "FORCEORTHO.org" or any marks incorporating "FORCE", nor has Force had any control over the nature or quality of the services provided or offered by Defendant under the "FORCEORTHO", "FORCEORTHO.org" or any other "FORCE-" formative name. Because of the confusion as to source encouraged by Defendant, Force's valuable goodwill in its "FORCE" and "FORCE THERAPEUTICS" marks is compromised.

29. The trade reputation and goodwill of Force's business under its "FORCE" and "FORCE THERAPEUTICS" marks are of immeasurable value to Force. Force has suffered and continues to suffer damage by Defendants' infringement of Force's marks.

{00034644 1 }

30. Defendant's willful and wrongful conduct has proximately caused and will continue to cause Force substantial injury to its reputation, goodwill and diminution of the value of its business. The harm this wrongful conduct will cause Force is both ongoing and irreparable. The amount of damages sustained by Force has not yet been determined.

## COUNT II

### FEDERAL UNFAIR COMPETITION

31. Force repeats and incorporates the averments of the preceding paragraphs of this Complaint as though the same were fully set forth herein.

32. Long after Force commenced use of its "FORCE" and "FORCE THERAPEUTICS" marks for its platform in the orthopedic field, and with full knowledge thereof, UMMS initiated use of the marks "FORCEORTHO" and "FORCEORTHO.org" for data collection services in the orthopedic field.

33. Defendant's conduct alleged above constitutes unfair completion in violation of 15 U.S.C. § 1025(a).

34. Defendant's promotion and rendering of its services under the marks "FORCEORTHO" and "FORCEORTHO.org" without Force's authorization and control is likely to cause confusion, mistake, and deception among the relevant public.

35. Defendant's willful and wrongful conduct has proximately caused and will continue to cause Force substantial injury to its reputation and goodwill and diminution of the value of its business. The harm this wrongful conduct will cause Force is both imminent and irreparable. The amount of damage sustained by Force has not yet been determined.

{00034644 1 }

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

36. Force realleges and incorporates herein by reference all preceding paragraphs as though fully set forth herein.

37. The relevant public is likely to be confused by the similarity of Defendant's use of "FORCE", "FORCEORTHO", "FORCE QI", and "FORCE-TJR" for patient data collection and analysis services in the orthopedics field with Force's use of "FORCE" and "FORCE THERAPEUTICS" marks.

38. The relevant public is likely to believe that Defendant's services are offered by, related to, endorsed by, or sponsored by Force, due to Force's prior use of "FORCE" and "FORCE THERAPEUTICS" for closely related services.

39. Defendant's aforesaid acts constitute trademark infringement under the common law of Pennsylvania.

40. By reason of Defendant's unlawful acts and practices, Defendant has caused, is causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to Force for which there is no adequate remedy at law and for which Force is entitled to injunctive relief.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

41. Force realleges and incorporates herein by reference all preceding paragraphs as though fully set forth herein.

42. Defendant's conduct constitutes unfair and unlawful competition in violation of Pennsylvania law.

43. By reason of Defendant's unlawful acts and practices, Defendant has caused, is

{00034644 1 }

causing and, unless such acts are enjoined by the Court, will continue to cause irreparable harm to Force for which there is no adequate remedy at law and for which Force is entitled to injunctive relief.

## DAMAGES AND RELIEF

WHEREFORE, Force prays for relief as follows:

A. That this Court hold that Defendant has infringed Force's "FORCE" and "FORCE THERAPEUTICS" trademarks;

B. That this Court hold that there is a substantial likelihood that Defendant will continue such unlawful activities unless immediately and permanently enjoined from doing so;

C. That this Court grant a preliminary and permanent injunction enjoining Defendant, its' agents, servants, employees, attorneys, and those persons in active concert or participation with them, or any of them, from infringement of Force's "FORCE" and "FORCE THERAPEUTICS" marks, and from engaging in unfair trade practices, including enjoining all use of "FORCEORTHO", "FORCEORTHO.org", "FORCE QI", "FORCE-TJR", or any other colorable imitation of Force's "FORCE" and "FORCE THERAPEUTICS" marks, including but not limited to any marks incorporating the component "FORCE" whether as a mark, metatag, keyword, name, or domain name, or component of a mark, metatag, keyword, name or domain name, or in any other manner likely to cause confusion with Force's "FORCE" and "FORCE THERAPEUTICS" marks;

D. That this Court order Defendant to surrender immediately for destruction all materials that depict the infringing marks, and other materials constituting infringement of Force's rights, in Defendant's possession, custody or control pursuant to 15 U.S.C. § 1118.

E. That this Court order Defendant to account to Force for Defendant's profits, and to award such profits and the actual damages suffered by Force as a result of Defendant's acts, together with interest and costs pursuant to 15 U.S.C. § 1117(a);

F. That all damages sustained by Force by trebled and that Defendant be compelled to pay damages pursuant to 15 U.S.C. § 1117(a); and

G. That Force has such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff Force hereby demands a trial by jury on all issues so triable.

Date: 11/2/2017

*/s/ Laura A. Genovese*
Laura A. Genovese (57,477)
Maureen C. Kassner (43,566)
K & G Law LLC
602 S. Bethlehem Pike,
Bldg. B, 2nd Floor
Ambler, PA  19002
(267) 468-7961
lgenovese@kassgen.com

{00034644 1 }